UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MELISSA VILLEGAS,<br><br>    Plaintiff,<br><br>    v.<br><br>HANCOCK REGIONAL HOSPITAL,<br><br>    Defendant. | Case No. 2:24-CV-104-GSL-AZ |

## OPINION AND ORDER

Pending before the Court is Defendant's Motion to Dismiss. [DE 7]. The Court heard argument from both parties on October 16, 2024. After considering the arguments presented during that hearing, and the argument presented in the parties' briefing, Defendant's Motion to Dismiss, [DE 7], is GRANTED without prejudice. Plaintiff is GRANTED leave to amend her Complaint within 14 days of the entry of this Order.

## BACKGROUND

For resolving the pending Motion, the Court will take the facts stated in the complaint as true and view them in the light most favorable to the non-moving party. *See Menzies v. Seyfarth Shaw LLP*, 943 F.3d 328, 332 (7th Cir. 2019). Plaintiff is a relative of Decedent Delbert Johnson, whom this case is brought on behalf of. Decedent Johnson was placed in skilled nursing facility Great Lakes Healthcare Center (Great Lakes) after a stroke. [DE 1, Page 2-3]. Great Lakes is owned and operated by Defendant Hancock Regional Hospital. *Id.*

When Decedent Johnson's family visited him on March 8, 2022, only a week after admitting him to Great Lakes, they found him severely dehydrated and with a decubitus pressure ulcer on his lower buttock. [DE 1, Page 5]. On or about March 17, 2022, his family removed him

from Great Lakes and took him to Franciscan Saint Margaret Health Dyer Hospital. There, he was admitted and diagnosed with dehydration, which had caused an acute kidney injury, and hypernatremia. *Id.* Decedent Johnson was also diagnosed with a urinary tract infection, aspiration pneumonia, and was in active sepsis and hypovolemic shock. *Id.* The infection from Decedent Johnson's decubitus pressure ulcer never healed, and as a result, he was placed in hospice care. *Id.* Decedent Johnson died on October 2, 2022. *Id.* at 6.

Plaintiff filed the complaint on behalf of Decedent Johnson against Defendant Hancock Regional Hospital, as owner and operator of Great Lakes, on March 15, 2024. [DE 1]. Defendant did not answer the Complaint, and instead filed their Motion to Dismiss, [DE 7], under Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(6). [DE 7, Page 1].

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a court may dismiss a claim for lack of subject matter jurisdiction. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009); Fed. R. Civ. P. 12(b)(1). The burden of proof is on the party asserting jurisdiction. *See Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003). When considering a motion to dismiss for lack of subject matter jurisdiction, the "district court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999)). In addition, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *St. John's*, 502 F.3d at 625 (quoting *Long*, 182 F.3d at 554).

A dismissal under Rule 12(b)(3) is appropriate when venue is "wrong" or "improper." *Lobodocky v. Medxcel Facilities Mgmt., LLC*, 2024 U.S. Dist. LEXIS 91591, *4 (S. D. Ind. May 22, 2024) (citing *Atlantic Marine Construction, Inc. v. United States Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49, 55-56, (2013)). According to 28 U.S.C. § 1391(b), there are three ways to establish proper venue in a federal court. A civil action may be brought in—

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this §, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The determination hinges on whether "the court in which the case was brought satisfies the requirements of federal venue laws," namely 28 U.S.C. § 1391(b). *Lobodocky*, 2024 U.S. Dist. LEXIS 91591, *4 (citing *Atlantic Marine Construction,* 571 U.S. at 55-56).

And finally, a "motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (citing Fed. R. Civ. P. 12(b)(6)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (citing *Twombly*, 550 U.S. at 556). "It is the defendant's burden to establish the complaint's insufficiency." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020).

## DISCUSSION

Defendant argues Plaintiff's claims should be dismissed for lack of subject matter jurisdiction, improper venue, and for failure to state a claim upon which relief can be granted, because the claims arise under Indiana state law and the Indiana Medical Malpractice Act, and Plaintiff never submitted their claim to a medical review panel as statutorily required. [DE 7, Page 1-2]. Defendant also argues that the Federal Nursing Home Reform Act (FNHRA) provisions Plaintiff seeks to enforce under 42 U.S.C. § 1983 are unenforceable under that statute. Plaintiff responds that their claims are appropriately brought under FNHRA, not the Indiana Medical Malpractice Act, that FNHRA is generally enforceable under § 1983 without first or simultaneously seeking relief under the state statute, and that the specific FNHRA provisions in their Complaint, [DE 1], are enforceable under § 1983. [DE 14, Page 4-6]. For the reasons below, Defendant's Motion to Dismiss is GRANTED.

**I.    The Indiana Medical Malpractice Act**

The Indiana Medical Malpractice Act defines malpractice as "a tort or breach of contract based on health care or professional services that were provided, or that should have been provided, by a health care provider, to a patient." Ind. Code § 34-18-2-18; [DE 7, Page 3]. The Indiana Medical Malpractice Act prevents an action from being brought "in court against a health care provider until both the claimant's proposed complaint has been presented to a medical review panel and an opinion is given by the panel." *Kho v. Pennington*, 875 N.E.2d 208, 211 (Ind. 2007) (citation omitted). Plaintiff argues these provisions are inapplicable here because their claims are brought under the Federal Nursing Home Reform Act.

4

Plaintiff is correct. Defendant's argument that Plaintiff may not bring a federal claim in this Court without first presenting the claim to a medical review panel is, in essence, an argument that state administrative remedies must be exhausted before a federal court may address a federal claim. *See Smith v. Indiana*, 904 F. Supp. 877, 880 (N. D. Ind. 1995). This is not so. Plaintiff has stated a claim against Defendant under a federal law pursuant to this Court's federal question jurisdiction under 28 U.S.C. § 1331. Defendant may not use the Indiana Medical Malpractice Act to bar Plaintiff's federal claims under federal law. *Id.*

**II.    The Federal Nursing Home Reform Act**

The Federal Nursing Home Reform Act (FNHRA) ensures nursing homes receiving Medicaid funds respect and protect their residents' health, safety, and dignity. *Health & Hosp. Corp. v. Talevski*, 599 U.S. 166, 171-172 (2023). FNHRA is composed of a litany of statutory requirements that nursing homes must follow. *Id.* The Supreme Court has held 42 U.S.C. § 1983 can be used to enforce unambiguously conferred federal individual rights, unless a private right of action under § 1983 would thwart the enforcement mechanism that the rights-creating statute contains for protection of the rights it has created. *Fitzgerald v. Barnstable School Comm.*, 555 U. S. 246, 253-255 (2009); *Gonzaga Univ. v. Doe*, 536 U. S. 273, 284 (2002).

In *Talevski*, the Supreme Court affirmed two specific FNHRA provisions, both found in 42 U.S.C. § 1396r(c), were enforceable through § 1983. *Tavelski*, 599 U.S. 166 (2023). In doing so, the Supreme Court employed traditional tools of statutory construction to assess whether Congress had "unambiguously conferred" "individual rights upon a class of beneficiaries" to which the plaintiff belongs. *Gonzaga*, 536 U.S. at 283, 285-86. It must be clear that "Congress intended to create a federal right" for the identified class, not merely that the plaintiffs fall

5

"within the general zone of interest that the statute is intended to protect." *Gonzaga*, 536 U. S. at 283 (emphasis deleted).

The *Gonzaga* test is satisfied when the statutory provision at issue is "phrased in terms of the persons benefited" and contains "rights-creating," individual-centric language with an "unmistakable focus on the benefited class." *Talevski*, 599 U.S. at 183-184 (citing *Gonzaga*, 536 U. S. at 284, 287 (emphasis deleted)). Conversely, enforceability under § 1983 has been rejected where the statutory provision "contain[ed] no rights-creating language"; had "an aggregate, not individual, focus"; and "serve[d] primarily to direct the [Federal Government's] distribution of public funds." *Talevski*, 599 U.S. at 183-184 (citing *Gonzaga*, 536 U. S. at 290)).

Here, Plaintiff does not invoke § 1396r(c) in their Complaint, and instead cites neighboring provisions 42 U.S.C. §§ 1396r(b) and 1396r(d).[1] [DE 1, Page 7:38]. Plaintiff asks this Court to broadly interpret FNHRA and extend *Talevski's* holding from § 1396r(c) to §§ 1396r(b) and 1396r(d). [DE 1, Page 7:38]. This Court declines to do so.

There are material differences between the provisions in *Talevski*, § 1396r(c), and the provisions cited in Plaintiff's Complaint, §§ 1396r(b) and 1396r(d). As an initial matter, this Court will note that § 1396r(c) is titled "[r]equirements relating to residents' rights." Because § 1396r(c)'s title is phrased with an "unmistakable focus on the benefitted class," here, individual nursing home residents, it is indicative of an individual, "rights-creating" focus. *Gonzaga*, 536 U. S., at 284; *see West Virginia v. EPA,* 142 S. Ct. 2587 (2022).

---

[1] Plaintiffs cite the following federal laws in their Complaint: 42 C.F.R. § 483.12; 42 U.S.C. § 1396r(b)(1)(A); 42 C.F.R. § 483.15; 42 U.S.C. § 1396r(b)(1)(A); 42 C.F.R. § 483.20; 42 U.S.C. § 1396r(b)(2)(A); 42 C.F.R. § 483.25; 42 U.S.C. § 1396r(b)(3)(A); 42 U.S.C. § 1396r(b)(3)(A); 42 U.S.C. § 1396r(b)(2)(C); 42 U.S.C. § 1396r(b)(3)(A); 42 U.S.C. § 1396r(b)(3)(C)(i)(ii); 42 U.S.C. § 1396r(b)(3)(D); 42 C.F.R. § 483.25; 42 U.S.C. § 1396r(b)(4)(ii); 42 C.F.R. § 483.25; 42 U.S.C. § 1396r(b)(4)(A)(v); 42 U.S.C. § 1396r(b)(4)(B); 42 C.F.R. § 483.30; 42 U.S.C. § 1396r(b)(4)(C); 42 U.S.C. § 1396r(b)(6)(C); 42 C.F.R. § 483.75; 42 U.S.C. § 1396r(d)(A); 42 U.S.C. § 1396r(d)(1)(C); 42 U.S.C. § 1396r(f)(4); 42 U.S.C. § 1396r(d)(1)(C); 42 U.S.C. § 1396(d)(4)(A); 42 C.F.R. § 483.75; and 42 U.S.C. § 1396(a)(1)(A). [DE 1, Pages 7-9:38].

Conversely, § 1396r(b) is titled "requirements relating to provision of services," and § 1396r(d) is titled "requirements relating to administration and other matters." Neither of these titles mention individual people, nor do the titles identify a class of benefitted people as § 1396r(c) does above. The content of these sections is not focused on the individual rights or expectations of nursing home residents, and instead has an "aggregate" focus outlining the operating and administrative requirements of nursing homes receiving federal funds. *Talevski*, 599 U.S. 166, 183; *Gonzaga*, 536 U.S., at 290.

Furthermore, statutory provisions are to be read "in their context and with a view to their place in the overall statutory scheme." *See West Virginia v. EPA,* 142 S. Ct. 2587 (2022). Considering §§ 1396r(b) and 1396r(d) in the larger statutory scheme only emphasizes that these are separate sections from § 1396r(c). If Congress intended to create federally enforceable rights for individual nursing home residents in §§ 1396r(b) and 1396r(d) like they did in § 1396r(c), the provisions would have likely been placed together.

## **CONCLUSION**

It is not "unambiguously clear" to this Court that Congress intended to create individual rights under FNHRA §§ 1396r(b) and 1396r(d) enforceable under § 1983. As a result, Defendant's Motion to Dismiss, [DE 7], is GRANTED without prejudice. Plaintiff is GRANTED leave to amend her Complaint, [DE 1], within 14 days from the entry of this Order.

SO ORDERED.

ENTERED: October 23, 2024

/s/ GRETCHEN S. LUND
Judge
United States District Court